Leslye KNOX, individually, as personal representative of the Estate of Aharon Ellis and as natural guardian of plaintiffs Jordan Terrell Ellis, Reuven Carter, Shanon Carter, Shayrah Carter, Yoshavyah Carter and Amitai Carter, Jordan Terrell Ellis, minor, Reuven Carter, minor, Shanon Carter, minor, Shayrah Carter, minor, Amitai Carter, minor, by their next friend and guardian Leslye Knox, Prince Shaleak, Mellonee Ellis, Francine Ellis, Lynne Ellis, Yihonadav Ellis, Tsaphrirah Ellis and Aron Carter, Plaintiffs,

v.

The PALESTINE LIBERATION ORGANIZATION, the Palestinian Authority (aka "The Palestinian Interim Self–Government Authority" and/or "The Palestinian Council" and/or "The Palestinian National Authority"), Yasser Arafat, Marwan Barghouti, Nasser Awis, Ziad Muhammad Daas, Estate of Abdel Salam Sadek Hassuna, deceased and John Does 1–99, Defendants.

No. 03 CIV. 4466(VM).

United States District Court,
S.D. New York.

Sept. 7, 2005.

See also 229 F.R.D. 65.

David J. Strachman, McIntyre, Tate, Lynch & Holt, L.L.P., Providence, RI, for Plaintiffs.

Ramsey Clark, New York, NY, for Defendants.

## DECISION AND ORDER

MARRERO, District Judge.

By Order dated July 15, 2005 (the "July 15 Order"), the Court directed defendants in this action, Palestine Liberation Organization and Palestinian Authority (collectively, "Defendants"),[1] to file an answer to the complaint herein by not later than August 15, 2005, and granted plaintiffs ("Plaintiffs") leave to file for entry of judgment by default in the event Defendants failed to answer within the time specified. Defendants responded by letter to the Court dated August 15, 2005 stating that they "have instructed counsel to present only their position that U.S. courts have no jurisdiction over them and not to answer on the merits. Therefore no answer on the merits of the complaint will be filed." Now pending before the Court, in response to defendants' failure to answer or otherwise endeavor to comply with the Court's July 25 Order, is Plaintiffs' motion for default judgment.

As Defendants have notified the Court of their intention not to answer Plaintiffs' complaint, the Court authorizes the Clerk of Court, pursuant to Fed.R.Civ.P. 55(a), to record Defendants' default and to enter judgment on liability in favor of Plaintiffs, pursuant to Fed.R.Civ.P. 55(b).

In a prior ruling in this case, the Court determined that sufficient basis existed for it to exercise subject matter jurisdiction in this action. *See Knox v. Palestine Liberation Org.*, 306 F.Supp.2d 424 (S.D.N.Y.2004) (rejecting Defendant's jurisdictional challenge on grounds of sovereign immunity and non-justiciability); *see also Ungar v. Palestinian Authority*, 325 F.Supp.2d 15 (D.R.I.2004), *aff'd*, 402 F.3d 274 (1st Cir.2005); *Biton v.*

*Palestinian Interim Self–Government Authority*, 310 F.Supp.2d 172 (D.D.C.2004). Moreover, the Court also previously found grounds for exercise of personal jurisdiction over Defendants as appropriate sanctions for their failure to comply with court orders regarding jurisdictional discovery. *See Knox v. Palestine Liberation Org.*, 229 F.R.D. 65 (S.D.N.Y.2005).

The Court has reviewed Plaintiffs' pleadings asserting, pursuant to 18 U.S.C. § 2333, a cause of action for terrorist acts, and has considered these factual allegations conceded in view of Defendants' default. On this basis, the Court finds proper grounds to authorize entry of judgment establishing Defendants' civil liability for the death of Aharon Ellis by reason of acts of terrorism sufficiently attributed to Defendants or their authorized agents. *See Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir.1992) (stating that "a party's default is deemed to constitute a concession of all well pleaded allegations of liability"). Accordingly, it is hereby

**ORDERED** that the Clerk of Court is directed to record the default of Defendants Palestinian Liberation Organization and Palestinian Authority ("Defendants") in view of Defendants' representation to the Court, by counsel's letter dated August 15, 2005, that they will not file an answer in this action as directed by the Court's Order dated July 15, 2005; and it is further

**ORDERED** that the Clerk of Court is authorized to enter judgment by default against Defendants establishing their liability to Plaintiffs pursuant to 18 U.S.C. § 2333 for the acts asserted in the complaint herein; and it is

**ORDERED** that the parties appear before the designated Magistrate Judge, in accordance with times, schedules and submissions determined by the Magistrate Judge, for an inquest on appropriate damages, which proceedings shall be conducted and a determination therein submitted to the Court not later

---

1. Plaintiffs voluntarily withdrew their action against all of the individual defendants named.

than ninety (90) days of the date of this Order.

**SO ORDERED.**